LAW OFFICE OF
**ROBERT L. KEOGH**
POST OFFICE BOX GZ
HAGATÑA, GUAM 96932
TELEPHONE (671) 472-6895

Attorneys for Plaintiffs

FILED
DISTRICT COURT OF GUAM

SEP - 9 2011

JEANNE G. QUINATA
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| BARBARA ANITA SPRUILL-GRANT and DERYCK DENNISON GRANT,<br><br>Plaintiffs,<br><br>vs.<br><br>CHUGACH WORLD SERVICE, INC. and DOE INSURANCE COMPANY I,<br><br>Defendants. | CIVIL CASE NO. CIV 11-00025<br><br><br><br>COMPLAINT |

**INTRODUCTION**

1. This is an action for damages for personal injury and loss of consortium brought by plaintiffs for the injuries sustained by plaintiff Barbara Anita Spruill-Grant as a result of a fall in a hole housing a water meter or shut off valve located inside the premises of the South Finegayan military base family housing facility in Dededo, Guam, and caused by the negligence of the employees of the defendant Chugach World Service, Inc. in the performance of its duties under contract with the United States of America for the operation and maintenance of the military base housing premises in South Finegayan Guam.

**JURISDICTION**

2. This action arises under 48 U.S.C. §1424, as amended, 28 U.S.C. §1346(b) and 28 U.S.C. §1332.

**PARTIES**

3. Plaintiffs Barbara Anita Spruill-Grant and Deryck Dennison Grant are adult individuals, are husband and wife and are residents of the State of Florida.

4. On information and belief, defendant Chugach World Service, Inc. is a corporation licensed to do business on Guam.

5. On information and belief, defendant Chugach World Service, Inc. is insured by Doe Insurance Company I which is also licensed to do business on Guam.

**FACTS**

6. At all relevant times herein, The United States, through the agency of the United States Navy, owned, maintained and operated a military base family housing facility on Guam known as South Finegayan. The United States, in operating this facility, held it open to certain members of the military and their dependents and guests to which plaintiffs were included.

7. On information and belief, at all relevant times herein, defendant Chugach World Service, Inc., through a Change of Occupancy and Maintenance (COOMS) contract with the United States

- 2 -

government, was responsible for maintenance and repair of the housing and grounds at South Finegayan base housing facility upon the rotation in and out of Navy personnel.

8. On September 11, 2009, Deryck Dennison Grant and Barbara Anita Spruill-Grant were lawful residents of 117 Banyan Circle, a residential housing unit within the South Finegayan base housing facility referenced above.

9. Upon information and belief, at some point in time prior to said date, defendant Chugach World Services performed service under their COOMS contract at 117 and 119 Banyan Circle necessitating shutting off water service to said units.

10. As the contractor responsible for the maintenance and repair of the South Finegayan military base housing facility pursuant to their COOMS contract, defendant Chugach World Service, Inc. had a duty to maintain common areas on the premises, such as the water meter and shut off valves located on the premises, in a safe condition for persons lawfully coming and going or residing on the premises.

11. Defendant had a duty to keep the subject premises in a safe condition free of unreasonable hazards for persons lawfully coming and going, using or residing on the premises.

12. Defendant Chugach World Service, Inc. breached its duty to

- 3 -

maintain the premises in a safe condition in that, at all relevant times herein, a hole in the ground (hereinafter "the hole") housing the water meter or shut off valve for 119 Banyan Circle at South Finegayan military base housing facility was allowed to exist in an unsafe manner and condition for the following reasons:

a) the hole housing the water meter or shut off valve had steel sides and no covering to prevent people from stepping into the hole;

b) the grass around the hole was allowed to grow partially or completely covering the hole, concealing it from view;

c) there were no signs at or near the hole to warn passersby of the danger.

d) inadequate steps or efforts were made to inspect the subject premises to identify the hazard created by the presence of the hole and to report any and all hazardous conditions identified such as the hole.

e) inadequate steps were taken to warn or protect lawful users of the South Finegayan Navy housing area from the hazardous condition that existed and was presented by the hole.

13. On September 11, 2009, plaintiff Barbara Spruill-Grant was attending a party as an invited guest at a neighbors' house at 119 Banyan Circle in the South Finegayan Navy housing area. As she exited the home and walked towards the barbeque grill, she stepped into the hole.

- 4 -

14. As a direct and proximate result of the negligence of defendant described above, resulting in Barbara Spruill-Grant stepping in the hole, plaintiff Barbara Spruill-Grant suffered a closed fracture of her right fibula.

15. On November 3, 2010, a complaint was filed by the plaintiffs herein in the District Court of Guam in Civil Case No. CIV-10-00030 against the United States of America and other defendants seeking compensation for the injuries asserted and described herein.

16. At the appropriate time, plaintiffs will seek to consolidate this action with Civil Case CIV-10-00030.

## **CLAIM FOR RELIEF**

### **PERSONAL INJURY**

17. Plaintiffs repeat and reallege each and every allegation of paragraphs 1 through 16 of the complaint herein.

18. As a direct and proximate result of the joint and several negligence of defendant and the defendants in Civil Case CIV-10-00030, plaintiff Barbara Anita Spruill-Grant has suffered and will continue to suffer injuries as described above, which have caused and will continue to cause severe pain and suffering.

19. As a further direct and proximate result of the joint and several negligence of defendant and the defendants in Civil Case

CIV-10-00030, plaintiff Barbara Anita Spruill-Grant has incurred and will continue to incur medical and incidental expenses in an amount to be proven at trial.

20. As a further direct and proximate result of the joint and several negligence of defendant and the defendants in Civil Case CIV-10-00030, plaintiff Barbara Anita Spruill-Grant has lost and will continue to lose income and other economic opportunities in an amount to be proven at trial.

**SECOND CLAIM - LOSS OF CONSORTIUM**

21. Plaintiffs repeat and reallege each and every allegation of paragraphs 1 through 16 and 18 through 20 of the complaint herein.

22. As a direct and proximate result of the joint and several negligence of defendant and the defendants in Civil Case CIV-10-00030, and the resulting injuries to plaintiff Barbara Anita Spruill-Grant, plaintiff Deryck Grant has been deprived and will continue to be deprived of the society, companionship, consortium and services usually provided by a spouse in good health and of unimpaired vigor and strength.

**THIRD CLAIM - DEFENDANT DOE INSURANCE COMPANY I**

23. Plaintiffs repeat and reallege each and every allegation of paragraphs 1 through 16 and 18 through 20 and 22 of the Complaint herein.

- 6 -

24. At all relevant times herein, defendant Chugach World Service, Inc. was insured by a liability insurance policy issued by defendant Doe Insurance Company covering liability for claims such as those set forth above. Said insurance policy was in full force and effect at all relevant times herein.

25. Pursuant to the coverage contained in said insurance policy, and pursuant to 22 GCA §18305, plaintiffs are entitled to maintain a direct action against defendant Doe Insurance Company upon the terms and limits of the policy and, accordingly, plaintiffs are entitled to recover against Doe Insurance Company in an amount equal to any judgment recovered against defendant Chugach World Service, Inc. up to applicable policy limits.

**DEMAND FOR RELIEF**

**WHEREFORE,** plaintiffs pray Judgment be entered against defendants as follows:

1. For general and special damages for the personal injury to plaintiff Barbara Anita Spruill-Grant in the sum of $1,000,000.00;

2. For past and future medical expenses of plaintiff in an amount to be proven at trial;

3. For lost income and other opportunities of plaintiff Barbara Anita Spruill-Grant in an amount to be proven at trial;

4.   For loss of consortium of plaintiff Deryck Grant in the sum of $100,000.00;

    5.   For costs of suit;

    6.   For such other and further relief as the Court deems just and proper.

**LAW OFFICE OF ROBERT L. KEOGH**
Attorneys for Plaintiffs

DATE: 9/8/11

By: _____
     **ROBERT L. KEOGH**